IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE WILSON, #B-43118,  )
 )
          Plaintiff,  )
 )
vs.  )   CIVIL NO. 10-648-GPM
 )
WARDEN RYKER, *et al.*,  )
 )
          Defendants.  )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint must be dismissed at this point in the litigation.

## FACTS ALLEGED IN COMPLAINT

According to Plaintiff's complaint (Doc. 10), Lawrence Correctional Center (Lawrence) has a policy of placing inter-racial cellmates together, without consideration of gang affiliation. Because of this policy, which has caused members of opposing gangs to be housed together, Plaintiff fears for his life and well-being.

## DISCUSSION

Plaintiff claims that Lawrence's policy of housing inter-racial, opposing gang inmates together violates the Eighth Amendment prohibition against cruel and unusual punishment. However, prison officials are afforded substantial deference in making decisions about what actions and objects present a threat to prison security and inmate rehabilitation. *Pell v. Procunier*, 417 U.S. 817, 827 (1974). A court may "not substitute [its] judgment for [prison officials'] in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations" of security and rehabilitation. *Caldwell v. Miller*, 790 F.2d 589 (7th Cir. 1986). Conditions of confinement that are "reasonably related to a legitimate and non-punitive government goal" are not unconstitutional. *Bell v. Wolfish*, 441 U.S. 520, 539 (1979).

Plaintiff seems to believe that he has an interest in being placed in a cell with an inmate of the same race and gang affiliation. However, inmates do not have a constitutionally-recognized interest in where they are housed, which includes being housed in a cell with a specific cellmate.

*See Meachum v. Fano*, 427 U.S. 215, 222-25 (1976); *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995); *Williams v. Faulkner*, 837 F.2d 304, 0309 (7th Cir. 1988). This is an area where the Court must defer to the prison officials' expertise in determining where inmates will be housed and with whom. Thus, Plaintiff has failed to state a claim against Defendants.

### DISPOSITION

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Plaintiff's motion to reconsider the earlier denial of his motion for a temporary restraining order and for preliminary injunction (Doc. 9) is **denied as moot**.

**IT IS SO ORDERED.**

DATED: 04/14/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge